**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Steven Christensen, | No. MC-21-08000-PCT-GMS |
| Petitioner, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

Before the Court are Gary Steven Christensen's ("Petitioner") Petition to Quash IRS Summonses (Doc. 1), Motion to Strike (Doc. 9), Motion for Hearing (Doc. 10), and Motion to Amend Petition to Quash to Include Additional Summons (Doc. 11 (sealed)). Also before the Court is the United States of America's ("Respondent") Motion to Dismiss or Summarily Deny Petitioner's Petition to Quash Summonses and to Enforce Summonses (Doc. 5). For the following reasons, Respondent's Motion is granted, and Petitioner's Petition and Motions are denied.[1]

## BACKGROUND

Petitioner is under examination by the Internal Revenue Service ("I.R.S.") as to his federal tax liabilities for the 2011–15 income tax years. (Doc. 5-1 at 3.) Pursuant to this examination, an I.R.S. Revenue Agent issued third-party summonses to eight financial

---

[1] Petitioner's Motion for Hearing (Doc. 10) is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

institutions with whom the Agent believed Petitioner to have accounts. (Doc. 5-1 at 3.) The Agent mailed notice of these third-party summonses to Petitioner on March 24, 2021. (Doc. 5-1 at 5.) In response, Petitioner, acting pro se, filed this Petition to Quash IRS Summonses on April 14, 2021. (Doc. 1.) Respondent then filed its Motion to Dismiss or Summarily Deny Petitioner's Petition to Quash Summonses and to Enforce Summonses. (Doc. 5.) Petitioner subsequently filed his Motion to Strike, his Motion for Hearing, and his Motion to Amend Petition to Quash to Include Additional Summons. (Doc. 9; Doc. 10; Doc. 11 (sealed).)

## DISCUSSION

### I. Legal Standard

The I.R.S. is empowered to issue summonses "for the purpose of 'determining the liability of any person for any internal revenue tax.'" *Lidas, Inc. v. United States*, 238 F.3d 1076, 1081 (9th Cir. 2001) (quoting I.R.C. § 7602(a)). Enforcement of an I.R.S. summons is governed by a burden-shifting scheme. First, the United States must make a prima facie showing that the summons was issued in good faith. *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995). Good faith is established by showing (1) "the investigation will be conducted pursuant to a legitimate purpose," (2) "the inquiry may be relevant to the purpose," (3) "that the information sought is not already within the [I.R.S.'s] possession," and that (4) "the administrative steps required by the [Internal Revenue] Code have been followed." *United States v. Powell*, 379 U.S. 48, 57–58 (1964). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993). "Once a prima facie case is made[,] a 'heavy' burden is placed on the taxpayer to show an 'abuse of process' or 'the lack of institutional good faith.'" *Fortney*, 59 F.3d at 120 (quoting *Dynavac*, 6 F.3d at 1414).

Internal Revenue Code § 7609 provides specific procedures for issuing and challenging third-party summonses. I.R.C. § 7609. Under the statute, individuals named in third-party summonses are entitled to notice of the summons. *Id.* § 7609(a)(1). "Such

notice shall be sufficient if . . . such notice . . . is mailed by certified or registered mail to the last known address" of the individual.  *Id.* § 7609(a)(2).  Once notice is given, the individual has "the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given."  *Id.* § 7609(b)(2)(A).  Petitions to quash third party summonses must be filed in the district where the "person to be summoned resides or is found."  *Id.* § 7609(h)(1).

## II.     Analysis

### 1.     Improper Service

Respondent first contends that Petitioner failed to properly serve the United States.  Proper service on the United States requires a party to (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought," (2) "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C.," and (3) "if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer."  Fed. R. Civ. P. 4(i)(1).

Plaintiff's Proof of Service of Petition to Quash IRS Summons indicates that he sent copies of his Petition to Quash IRS Summons to the United States Attorney for the District of Arizona and the Attorney General of the United States by certified mail.  (Doc. 6 at 5.)  However, Plaintiff has not shown that he served either the United States Attorney for the District of Arizona or the Attorney General of the United States with a summons as required by Rule 4(i)(1).  The record indicates no summons has been issued by the Court in this matter.[2]  Therefore, the United States was not properly served.  *See Smith v. Rossotte*,

---

[2] Petitioner's briefing suggests that he transmitted copies of the I.R.S. summonses to the United States Attorney and the Attorney General.  (Doc. 6 at 1; Doc. 7 at 2.)  But the summons required to serve the parties in a federal civil action differs from the IRS summonses that Petitioner seeks to challenge.  *See* Fed. R. Civ. P. 4.  A summons under Rule 4 must:

> (A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief

250 F. Supp. 2d 1266, 1269 (D. Or. 2003).  Petitioner would ordinarily be granted an extension of time to serve a valid summons and copy of his petition on the United States. *See* Fed. R. Civ. P. 4(i)(4); *id.* 4(m).  However, granting Petitioner an opportunity to cure would be futile in this case because Petitioner's arguments fail on the merits.  *Williams v. Gold Coast Hotel & Casino*, No. 11-CV-2112, 2012 WL 3834817, at *1 (D. Nev. Sept. 4, 2012) (declining to grant extension of time to cure defective service of United States when attempt to cure would be futile); *Parish v. Nye Cnty. Sheriff's Off.*, No. 10-CV-00522, 2012 WL 13768, at *3 (D. Nev. Jan. 4, 2012).

### 2. Validity of Summonses

As a preliminary matter, the Court lacks jurisdiction to consider the Petition as it applies to the I.R.S. summons against Colonial Savings, FA.  Section 7609(h) permits the Court to "hear and determine" petitions to quash only when the "person to be summoned resides or is found" in the judicial district.  I.R.C. § 7609(h)(1); *Fortney*, 59 F.3d at 119.  Respondent asserts, and Petitioner does not contest, that Colonial Savings, FA does not have a location in Arizona.  (Doc. 5-1 at 7.)  The Court has not identified any basis to conclude Colonial Savings, FA resides, or is found, in Arizona.  Because jurisdiction is improper in this district, the Court must dismiss the Petition to Quash, insofar as it seeks to quash the summons issued to Colonial Savings, FA.

### i. Timely Filing

"[A] district court does not have jurisdiction under § 7609(h)(1) where the plaintiff has failed to comply with the twenty-day filing requirement of § 7609(b)(2)(A)." *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985).  Because the twenty-day limit is "a condition precedent to the waiver of sovereign immunity," it must be strictly construed.  *Id.*  When notice is given by certified or registered mail, the date the notice is mailed marks the start of the twenty-day filing period, regardless of when the individual receives the notice.  *Stringer v. United States*, 776 F.2d 274, 275–76 (11th Cir. 1985); *Nardini v. United*

---

demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal.

Fed. R. Civ. P. 4(a)(1).  The IRS summonses do not comply with Rule 4.

*States*, 676 F. Supp. 389, 391 (D. Mass. 1987).

The parties dispute whether Petitioner has complied with the twenty-day filing requirement. According to Respondent, the Petition was untimely filed because the Revenue Agent assigned to Petitioner's case placed the required notices in the mail on March 24, 2021. (Doc. 5-1 at 5.) If March 24 is the relevant date, then Petitioner filed twenty-one days after notice was given, and the Court does not have jurisdiction. Petitioner, however, notes that the notices were postmarked on March 25. If the twenty-day limit were calculated from March 25, his Petition would be timely.

### ii. *Powell* Analysis

However, the Court need not determine which date controls, because the summonses are valid under *Powell*.[3]

#### a. **Legitimate Purpose**

*Powell* requires Respondent to show that the investigation is being conducted for a legitimate purpose. 379 U.S. at 57. The Revenue Agent declares that she issued the summonses to determine Petitioner's federal income tax liabilities for the 2011–15 tax years. (Doc. 5-1 at 3.) The Internal Revenue Code explicitly authorizes the issuance of summonses for the purpose of "determining the liability of any person for any internal revenue tax." I.R.C. § 7602(a). Therefore, the purpose of the Revenue Agent's investigation is legitimate, satisfying the first *Powell* element.

#### b. **Relevance**

Next, Respondent must show that the I.R.S.'s inquiry may be relevant to the legitimate purpose. "[A]n IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court," because the I.R.S. is

---

[3] The Court is mindful of the Supreme Court's admonition in *Steel Co. v. Citizens for a Better Environment* that Article III courts should not assume hypothetical Article III jurisdiction to decide cases on their merits when the merits question is more readily resolvable and would yield the same prevailing party as were jurisdiction denied. 523 U.S. 83, 94 (1998). However, the question before the Court is one of statutory jurisdiction, not Article III jurisdiction. *See id.* at 97 & n.2 (explaining that unlike Article III jurisdiction, statutory jurisdiction can be presumed to exist when the merits are more easily resolved; *see also N.L.R.B. v. Barstow Cmty. Hosp.-Operated by Cmty. Health Sys., Inc.*, 474 F. App'x 497, 499 (9th Cir. 2012).

permitted to obtain "items of even *potential* relevance to an ongoing investigation." *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984). The summonses at issue here seek financial records relating to bank accounts held in Petitioner's name. (Doc. 5-1 at 3, 7.) These records may be relevant to assessing Petitioner's income tax liability for the 2011–15 tax years because they would shed light on his financial condition during the relevant period. *Sylvestre v. United States*, 978 F.2d 25, 27 (1st Cir. 1992).

### c. Not in I.R.S. Possession

Third, Respondent must establish that the "information sought is not already within the [I.R.S.] Commissioner's possession." *Powell*, 379 U.S. at 57–58. Here, the Revenue Agent's declaration states that "[T]he IRS does not already possess the information requested in the summonses." (Doc. 5-1 at 7.) Petitioner does not contest this assertion. Therefore, the third *Powell* element is satisfied.

### d. Compliance with Administrative Steps

Finally, Respondent must show that the I.R.S. has complied with all administrative steps required by the Internal Revenue Code. *Powell*, 379 U.S. at 58. In the Ninth Circuit, a Revenue Agent's declaration that they complied with all administrative steps is sufficient to satisfy this requirement. *Stewart v. United States*, 511 F.3d 1251, 1255 (9th Cir. 2008). The Revenue Agent declares that she took "[a]ll administrative steps required by the Internal Revenue Code in connection with the issuance and service of the IRS summonses." (Doc. 5-1 at 7.) Under *Stewart*, the Agent's declaration satisfies *Powell*'s fourth element and creates a prima facie showing that the summonses were issued in good faith.

### e. Rebutting Good Faith

To rebut the prima facie showing of good faith, Petitioner bears a "heavy" burden to "show an 'abuse of process' or 'the lack of institutional good faith.'" *Fortney*, 59 F.3d at 120 (quoting *Dynavac*, 6 F.3d at 1414). He has not met his burden.

First, Petitioner's assertion that the Revenue Agent's declaration contains "false facts" does not rebut the prima facie showing of good faith. (Doc. 7 at 1.) That the United States Postal Service may have processed the notice Petitioner was owed under § 7609(a)

- 6 -

the day after the Revenue Agent claims she placed the items in the mail does not establish either abuse of process or lack of institutional good faith. Petitioner has not provided any information from which the Court could conclude that the Revenue Agent's testimony was made in anything other than good faith, or with intent to abuse the statutorily required process. And the discrepancy in dates is ultimately immaterial because this Court has assumed statutory jurisdiction and will render a decision on the merits.

Next, Petitioner mistakenly claims *Powell* does not govern the Court's inquiry in this case because he is an individual, and *Powell* only applies to the enforcement of summonses issued against corporate persons. (Doc. 7 at 3.) The Ninth Circuit has repeatedly applied *Powell* against individuals. *See, e.g.*, *United States v. Gilleran*, 992 F.2d 232 (9th Cir. 1993); *Stewart*, 511 F.3d at 1253; *Fortney*, 59 F.3d at 119. Courts within this district likewise apply *Powell* when individual taxpayers challenge third-party summonses. *See, e.g.*, *Smet v. United States*, No. MC-20-00055-PHX-JJT, 2021 WL 5040332, at *2–4 (D. Ariz. Oct. 29, 2021). Given the Ninth Circuit's repeated use of *Powell* in analogous circumstances, it is clear this Court must likewise apply *Powell*.

Finally, Petitioner's argument that *Powell* fails to take his Fourth and Fifth Amendment rights into account is not well taken. For one, the Supreme Court has indicated that "summonses [that are] narrowly drawn and seek only documents of unquestionable relevance to the tax investigation" satisfy the Fourth Amendment. *Fisher v. United States*, 425 U.S. 391, 401 n.7 (1976). But even so, Petitioner does not have any Fourth Amendment rights in financial records held by his banks. *United States v. Miller*, 425 U.S. 435, 442 (1976) (holding depositor does not have a reasonable expectation of privacy in bank records). Nor does the Fifth Amendment preclude enforcement of the third-party summonses. *Kelley v. United States*, 536 F.2d 897, 898 (9th Cir. 1976) (finding third-party summons compelling bank to produce records relating to taxpayer's account did not implicate taxpayer's Fifth Amendment interests). Accordingly, Petitioner has failed to rebut Respondent's showing of good faith, and the summonses must be enforced.

### 3. Motion to Strike

Petitioner also moves to strike Respondent's Motion to Dismiss (Doc. 5), arguing that Respondent has failed to comply with § 7609(b)(2)(B). That section requires those filing a petition to quash to mail "a copy of the petition to the person summoned and to such office as the Secretary may direct." I.R.C. § 7609(b)(2)(B). Contrary to Petitioner's argument, this provision does not require Respondent to serve a copy of its Motion to Dismiss on all recipients of the third-party summonses at issue in this case. The purpose of § 7609(b)(2)(B) is "to ensure that the summoned party is notified of a potential problem with the summons, preventing them from complying with a faulty subpoena." *Zurek v. U.S. I.R.S.*, No. MC-12-00110-PHX-GMS, 2013 WL 1405537, at *2 (D. Ariz. April. 5, 2013). Since § 7609(b)(2)(B) governs, by its terms, only the filing of the initial petition to quash, it does not require Respondent to serve its motion on all summonsed parties.

### 4. Motion to Amend

Petitioner also seeks leave to amend his Petition to Quash Summons to incorporate a summons issued by the I.R.S. on July 19, 2021, after he filed his initial Petition. (Doc. 11.) Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when "justice so requires." Fed. R. Civ. P. 15(a). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). When a court finds it lacks subject matter jurisdiction over a matter, amendment is futile if the proposed amendment would not cure the jurisdictional defect. *Szanto v. Szanto*, No. 06-CV-00048, 2006 WL 8442248, at *2 (D. Nev. Aug. 3, 2006).

Amendment is futile because the United States has not waived sovereign immunity as to this additional summons. The July 19 summons is a summons issued in aid of collection of tax liability previously assessed against Petitioner, a fact which Petitioner

does not contest. Unlike other types of third-party summonses, the United States has not waived its sovereign immunity as to summonses "'issued in aid of the collection' of a taxpayer's liability." *Haber v. United States*, 823 F.3d 746, 751 (2d Cir. 2016) (quoting I.R.C. § 7609(c)(2)(D)). Therefore, even if the Court granted Petitioner leave to amend, the Court would not have jurisdiction to hear the amended petition.

## CONCLUSION

Because Petitioner has failed to rebut Respondent's prima facie showing of good faith, those third-party summonses over which the Court has jurisdiction may be enforced.

**IT IS THEREFORE ORDERED** that Petitioner's Petition to Quash IRS Summonses (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss or Summarily Deny Petitioner's Petition to Quash Summonses and to Enforce Summonses (Doc. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Strike (Doc. 9) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Hearing (Doc. 10) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend (Doc. 11) is **DENIED.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action.

Dated this 30th day of December, 2021.

G. Murray Snow
Chief United States District Judge